FILED IN CHAMBERS
U.S.D.C. Rome

FEB 2 6 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARRY JAMES MARSHALL and
MEDQUEST PTY LTD.,

    Plaintiffs,

v.

BALLARD MEDICAL PRODUCTS,

    Defendant.

CIVIL ACTION

NO. 1:06-CV-1096-RLV

### O R D E R

The plaintiffs filed this patent infringement action against the defendant on May 8, 2006. The defendant filed a counterclaim for declaratory judgment. Pending before the court is the plaintiffs' Motion to Dismiss the Complaint Without Prejudice and For Judgment on the Pleadings as to Defendant's Counterclaim [Doc. No. 38-1]. For the following reasons, the plaintiffs' motion to dismiss is GRANTED; the motion for judgment on the pleadings is DENIED in part and GRANTED in part.[1] Also pending is the Plaintiffs' Motion to Stay Case Pending Ruling on Motion to Dismiss [Doc. No. 43-1], which is DISMISSED as MOOT.

---

[1] Although the plaintiffs' second motion is styled as a judgment on the pleadings, it actually moves this court for multiple forms of relief: (1) for a judgment on the pleadings, (2) for this court to use its discretion and not exercise jurisdiction over the counterclaim, and (3) for this court to abstain. Because this court's conclusion is to not exercise jurisdiction over the counterclaim, this order does not consider the other forms of relief sought by the plaintiffs. To the extent that the motion asks this court to adjudicate the merits of the counterclaim, that part of the motion is denied. However, to the extent that the motion asks this court not to exercise jurisdiction over the counterclaim, that part of the motion is granted.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is one of two cases initiated by the plaintiffs against the defendant regarding a patent for an invention, named CLOtest, that diagnoses gastrointestinal disorders. The other suit was filed six months earlier in the Federal Court of Australia. The plaintiffs are citizens of Australia and the defendant is a citizen of Utah. The patent claim in the Australia case is based on an Australian patent for CLOtest while the claim here is based on the U.S. patent for the same invention. Both claims involve the defendant's actions with respect to licensing agreements and alleged patent infringement. Specifically, the claims assert that Ballard manufactured and sold the CLOtest product without a license from the patent holder between 1998 and 2003. The U.S. patent has since expired.

When the plaintiffs filed the instant claim, the defendant counterclaimed for declaratory judgment asserting that it did not infringe the plaintiffs' U.S. patent, that the patent is invalid, that the defendant had complied with licensing agreements pertaining to the patent, and that the defendant had not breached any agreement with the plaintiffs.

Subsequently, the plaintiffs filed their motion to dismiss the complaint without prejudice. The defendant has declined to consent to the plaintiffs' motion and has maintained its counterclaim for declaratory judgment. Thus, the plaintiffs also move this court to

enter a judgment on the pleading as to the defendant's counterclaim.

MOTION TO DISMISS THE COMPLAINT WITHOUT PREJUDICE

The plaintiffs have chosen not to pursue their U.S. patent infringement claim and instead have sought relief against the defendant in the Australian suit. [Pls.' Mot. to Dismiss the Compl. Without Prejudice and Mot. for J. on the Pleadings as to Def.'s Countercl. 2,5, Doc. No. 38-2.] Pursuant to Fed. R. Civ. P. 41(a)(2), an action may be dismissed by order of this court upon the plaintiffs' motion only if a defendant's counterclaim can remain pending. For the reasons discussed below, this court concludes that the defendant's counterclaim is justiciable and can be independently adjudicated by this court. Accordingly, the plaintiffs' motion to dismiss the complaint without prejudice is granted.

MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE COUNTERCLAIM

The plaintiffs assert that the defendant's counterclaim does not present a controversy between the parties sufficient to justify a declaratory judgment. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits a court to "declare the rights and other legal relations of any interested party seeking such declaration," so long as there is an "actual controversy" between the parties. The Act provides a preemptive avenue of relief for "a person who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await

the commencement of legal action by the other side." <u>BP Chemicals Ltd. v. Union Carbide Corp.</u>, 4 F.3d 975, 977 (Fed. Cir. 1993). Notably however, there must be an "actual controversy" between the parties, "not hypothetical or of uncertain prospective occurrence," in order for a court to exercise jurisdiction. <u>Id.</u>

To determine whether there is an actual controversy in a patent action, the Federal Circuit has developed a two-part inquiry:

> There must be both (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken with the intent to conduct such activity.

<u>Teva Pharm. USA, Inc. v. Pfizer, Inc.</u>, 395 F.3d 1324, 1332 (Fed. Cir. 2005).

The first part of the test thus presents the issue of whether the plaintiffs have created a reasonable apprehension on the part of the defendant that it will face an infringement suit. Here, the plaintiffs have already filed an infringement suit against the defendant but then moved this court to dismiss that complaint without prejudice. Accordingly, the plaintiffs are free to re-allege their claims at any time. Nevertheless, the plaintiffs assert that because they have dismissed their complaint and because the U.S. patent has expired, the defendant no longer has a reasonable apprehension of being sued for infringement.

4

However, simply because the plaintiffs have elected not to pursue their claims at this time does not remove the defendant's reasonable apprehension that it may be sued again in the future, especially since the dismissal is without prejudice. First, the Federal Circuit Court of Appeals has found that mere threats of an infringement suit are sufficient to create a "reasonable apprehension" under the first part of the two-part inquiry. EMC Corp. v. Norand Corp., 89 F.3d 807, 812 (Fed. Cir. 1996). Accordingly, this court concludes that the defendant has a reasonable apprehension of suit. The fact that the plaintiffs have gone beyond mere threats and actually filed an infringement action, and now retain the right to do so again, clearly suffices to establish the defendant's reasonable apprehension that it will face an infringement suit in the future. Liquid Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1370 (Fed. Cir. 2004)("If . . . a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support jurisdiction of a complaint, or a counterclaim under the Act.")

Second, once it has been determined that the claimant has a reasonable apprehension of suit, it is then necessary to inquire whether the plaintiffs have eliminated that fear. Once a reasonable apprehension exists, as it does here, the principle way to eliminate it, and thereby show a lack of jurisdiction, is for the plaintiffs to covenant that they will not assert liability against the defendant in any future action. Fina Research, S.A. v.

Baroid Ltd., 141 F.3d 1479, 1483-84 (Fed. Cir. 1998). For example, the plaintiffs could file an agreement with the defendant not to sue, or the plaintiffs could assert on the record that they will not pursue this patent claim against the defendant. See, e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1059 (Fed. Cir. 1995); Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 636 (Fed. Cir. 1991). However, the plaintiffs have not only failed to take any steps to eliminate the defendant's apprehension of future suit, but they have specifically moved this court to dismiss their complaint in such a way as to allow them the opportunity to re-file their complaint at a later time. Consequently, the defendant's reasonable apprehension still exists and, therefore, the first part of the two-part "actual controversy" test remains satisfied.

The second part of the two-part test looks at the potential patent infringer's actions. In this case that requires determining whether the defendant is engaged in "present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." BP Chemicals Ltd., 4 F.3d at 478. Although the plaintiffs' arguments do not specifically address whether the defendant's counterclaim satisfies the second part of the test, they do seem to touch upon it by arguing that declaratory judgment is unnecessary in light of the fact that the patent has expired. [Pls.' Mot. to Dismiss the Compl. 9, Doc. No. 38-2.] At first blush, it would seem that if the patent has expired, the

6

defendant could not *presently* be engaged in conduct that might infringe upon the patent even though he might have been engaged in such conduct before filing the counterclaim. However, the Federal Circuit Court of Appeals has stated that the "present activity" requirement includes the alleged infringer's pre-complaint activity, i.e., the activity that occurred before filing the declaratory judgment action. Sierra Applied Sciences v. Advanced Energy Indus., 363 F.3d 1361, 1376 (Fed. Cir. 2004)("Just as a patent-holder can sue based on past acts that no longer continue, a declaratory judgment plaintiff can sue using past acts as the jurisdictional predicate for the suit, provided the plaintiff has the requisite reasonable apprehension as to these past acts.") Consequently, the fact that the patent has expired is of no import with respect to the jurisdictional inquiry. Because the defendant could still be sued for infringement liability based on its past activity while the patent was valid, the defendant can assert a justiciable declaratory judgment claim asserting his non-liability. Id. Therefore, the second part of the two-part inquiry is satisfied, and this court may exercise jurisdiction over the defendant's counterclaim.

However, when presented with declaratory judgment actions, just because a court may exercise jurisdiction does not mean that it should. Even if it is determined that an "actual controversy" exists, "the district court is not required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline

7

that jurisdiction." Teva Pharm. USA, Inc., 395 F.3d at 1331. The Supreme Court has noted that because the Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relation of any interested party," § 2201(a) (emphasis added), the plain text of the Act gives a court "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). When a court is determining whether to exercise its discretion and decline jurisdiction, that court must act according to the principles of the Declaratory Judgment Act and sound judicial administration. Electronics for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1345 (Fed. Cir. 2005).

The purpose of the Declaratory Judgment Act is "to enable a person who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." BP Chemicals Ltd., 4 F.3d at 977. Because the declaratory judgment action before this court is based on the defendant's patent rights, the Federal Circuit's guidance regarding this court's discretion is applicable. In that regard, the Federal Circuit has provided several factors to consider when dismissing a declaratory action based on discretion: (1) whether the purpose of the Declaratory Judgment Act is served, (2) whether a party's claim is intended to preempt an earlier-filed suit for patent infringement, (3) the convenience of witnesses and all necessary or

desirable parties. <u>Electronics for Imaging, Inc.</u>, 394 F.3d at 1345, 1347-48.

First, exercising this court's discretion and dismissing the defendant's counterclaim comports with the purposes of the Act. The plaintiffs' Australian claims against the defendant are based on essentially the same licenses and conduct as this suit. The patent infringement claim in Australia is also essentially the same except that it is based on the Australian patent for the same invention as the U.S. patent at issue here. Admittedly, the defendant is theoretically still susceptible to suit in the United States based on the dispute over the U.S. patent. However, all but one of the underlying license agreements that would have to be incorporated into any U.S. patent litigation are governed by Australian laws. The better forum to interpret those laws is Australia.

Moreover, with this result, the defendant is not left simply waiting on the plaintiffs to re-commence legal action against it. Rather, the parallel proceedings in Australia are based on virtually the same dispute as the defendant raises here, and that litigation affords the parties an opportunity to resolve at least the bulk of their dispute in that forum. The Australian suit addresses all but one of the license agreements between the parties, including the one applicable to the U.S. patent. Additionally, the defendant's counterclaim seeks not just a judgment as to whether it breached the U.S. patent but also a

declaration that it has not breached *any* agreement with the plaintiffs—most of which, again, are governed by Australian law. By dismissing this counterclaim, the defendant is not forced to wait *in terrorem* for the plaintiffs to re-file; they have already commenced litigation to resolve the dispute between the parties, albeit in a different forum. Therefore, this court concludes that the purposes of the Declaratory Judgment Act are served by dismissing the counterclaim.

Second, the Federal Circuit applies the rule favoring the first-filed case. Electronics for Imaging, Inc., 394 F.3d at 1347-48. That is, the default rule is to dismiss a declaratory judgment action if it is the later-filed patent infringement action. Exceptions to this rule require a showing that the later-filed action favors judicial and litigant economy as well as just disposition of the dispute. Id. ("Our precedent, however, favors the first-to-file rule in the absence of circumstances making it 'unjust or inefficient' to permit a first-filed action to proceed to judgment.")

Here, the Australian case between the plaintiffs and defendant was filed six months before the plaintiffs initiated an action in this court. While not addressing the exceptions to this rule directly, the defendant does assert that because its counterclaim is based on the U.S. patent, all issues pertaining to its declaratory judgment action will be resolved pursuant to federal law. Thus, presumably, judicial economy and just disposition of

the dispute are best served by adjudicating the defendant's later-filed action. However, the license agreement underlying the defendant's patent claim, and all of the other agreements between the parties that the defendant raises in his counterclaim, are governed by Australian law. The disputes over those agreements are also the subject of the parallel Australian suit. Consequently, this court concludes that no circumstances exist showing that judicial and litigant economy, as well as just disposition of the suit, are best served in this forum. Instead, justice and efficiency are best served by dismissing this action in favor of the first-filed suit in Australia.

Third, the convenience of the parties and litigants weighs in favor of exercising this court's discretion to dismiss. The plaintiffs are from Australia, and the nature of the Australian suit is much broader than any claim based solely on the U.S. patent. Significantly, the defendant's counterclaim seeks declaratory judgment on all eight of its agreements with the plaintiffs, seven of which are governed by Australian law. Only one of the defendant's witnesses resides in this district. At least three other witnesses for the defense reside in Australia while approximately another five reside in Utah. Although the defendant and some of its witnesses are not in Australia, all but one of the agreements that serve as the backbone to his claims are governed by Australia law. The choice of law provisions in those agreements militate against any assertion of inconvenience on the

part of the defendant to resolve his disputes with the plaintiffs. Moreover, considering that the parties will have to litigate the Australian suit regardless of whether the defendant's counterclaim remains here, it is not apparent that the parties will suffer any great inconvenience if this action is dismissed.

CONCLUSION

For the foregoing reasons, the plaintiffs' Motion to Dismiss the Complaint Without Prejudice [Doc. No. 38-1] is GRANTED, and the plaintiffs' Motion for Judgment on the Pleadings as to Defendant's Counterclaim [Doc. No. 38-1] is DENIED in part and GRANTED in part. This court declines to exercise jurisdiction over the defendant's counterclaim. Therefore, the counterclaim is dismissed without prejudice. The Plaintiffs' Motion to Stay Case Pending Ruling on Motion to Dismiss [Doc. No. 43-1] is DISMISSED as MOOT.

SO ORDERED, this 26th day of February, 2007.

ROBERT L. VINING, JR
Senior United States District Judge